Joynes, J.
The only question raised in the argument here, and the only one we have to decide, is, whether the Circuit court erred in admitting as evidence for the plaintiff the record of the proceedings, upon an indictment against the defendant for the same assault and battery on which this action is founded. Upon that indictment the defendant, without filing any plea, came into court, according to a practice which is familiar in this State, and confessed a judgment for five dollars and the costs; the entry being as follows: “ The defendant, in proper person, with the assent of the court, confessed a judgment for five dollars fine and ■the costs. Therefore it is considered by the court that the defendant forfeit and pay to the Commonwealth the fine aforesaid, besides her costs by her about her prosecution in this behalf expended.”
It was very properly conceded in the argument, that the judgment upon an indictment for an assault, cannot, by reason of want of mutuality, be given in evidence in a civil action for the same assault, to establish as res adjudicóla, the fact on which it was founded. But while such a judgment cannot be given in evi *52 dence as a judgment, yet when it is founded on the plea of guilty, the record is admissible in the civil action,, because the plea of guilty was a direct and express, confession of the truth of the charge, and the record is-admissible to prove this confession. Upon such a plea, the entry, according to the old forms, is quod cognovit indictamentum. And it is laid down in many books,, upon the authority of a case in the Year Book, 9 H. 6, 60 a, that such a direct and express confession on an indictment for a trespass, concludes the defendant, so that he cannot afterwards plead not guilty in a civil action brought against him for the same matter. Whether such an admission of guilt ought to be held conclusive on the defendant in a civil action, it is not necessary to enquire, but there is no doubt that it would be admissible evidence in such an action. And so it is contended, that the confession of judgment in this case was an admission of the facts charged in the indictment, and was on that ground admissible as evidence for the plaintiff in the present action.
There is another kind of confession known in'the-practice of criminal courts under the common law, which is spoken of as an implied confession. That is, where, in a case not capital, the defendant, without pleading guilty, or expressly confessing the truth of' the indictment, throws himself on the mercy of the court, and desires to submit to a small fine. This request may be granted or refused by the court, as it may think proper. If the court grants the request, the-entry on the record is not quod cognovit indictamentum,. as in the case of an express confession, but quod non vuli contendere cum domino rege, et se posuit in gratiam curice, and the defendant is not put to a more direct confession. 1 Chit. Cr. Law 431. The effect of such an implied confession is not the same as that of a direct and express confession by the plea of guilty. Thus, in the case before referred to from the Year Book, it was held *53 that the defendant will not he concluded by such an implied confession from pleading not guilty in a civil action founded on the same fact, as it was held he will be by an express confession. But it is material to en-quire whether this proceeding on the part of a defendant involves such a confession of the truth of the charge made in the indictment, as to make it admissible at all as evidence against him in a civil action.
The essential difference between the effect of a direct or express confession, and that of a confession implied upon a nolo contendere, seems to be clearly marked by the difference in the form of the entry. The direct confession is an acknowledgment of the fact charged in the indictment, and accordingly the entry is cognovit vulictamentum. Ho such entry is made upon the plea of nolo contendere, which indicates that it is hot understood as an acknowledgment of the fact charged. The entry in such a case imports merely, that the defendant is willing and desirous, if the court will allow it, to pay a small fine in order to get rid of the prosecution. Such a proceeding on the part of the defendant implies a confession “in a manner,” as Hawkins says, of the truth of the charge. But it is, strictly speaking, only an agreement on the part of the defendant, that the fact charged may be considered as true for the purposes of the case, but for them only. Being unwilling to confess the truth of the charge, he will not plead guilty: thinking it best for him not to submit to a trial, he will not plead not guilty: but desiring to make his peace on.the best terms, he throws himself on the mercy of the court, and declares his willingness to pay a fine, without confessing or denying his guilt. He agrees that the court may consider him guilty for the purpose of imposing a fine upon him, but the agreement goes no further. Accordingly, it was said by the court in Commonwealth v. Tilton, 8 Metc. R. 232, that the plea of nolo contendere, *54 like a demurrer, admits, for the purposes of the ease, all the facts which are well stated, hut is not to he - used as an admission elsewhere. And in Guild v. Lee, 3 Bost. Law R. 433, which was an action of assault and battery, it was held by Shaw, C. J., that the plaintiff could not give in evidence the proceedings on an indictment against the defendant for the same assault, to which he had pleaded nolo contendere. The Chief' Justice said: “I have no doubt on the subject whatever. The plea was nolo contendere, and the proceedings are not competent evidence in a civil suit for the same assault. One object of this plea is to prevent the proceedings being used in any other place.” And' this was held to he the law in Birchard v. Booth, 4 Wisc. R. 67, where the court regarded the proceeding on the indictment as amounting to a plea of guilty, and not merely to a nolo contendere, and therefore held the record to he admissible in the civil action. The same doctrine as to the effect of the plea of nolo contendere is laid down in the last edition of Greenleaf’s Evidence, in the text, vol. 1, § 179, and in Judge Redfield’s note, vol. 1, § 537. The difference between an express confession of the truth of the indictment, and the sort of confession which is implied where the-defendant “submits” upon a nolo contendere, is illustrated by the decision of the Supreme court of hTorth Carolina in The State v. Oxendine, 2 Dev. & Bat. Law R. 435. In that case the defendant, on an indictment for assault and battery, submitted himself to the mercy of the court, and was fined, and it was held that this-did not amount to a conviction of the offence.
This practice of pleading nolo contendere, or “ submitting,” as it is familiarly termed, does not prevail in Virginia. The reason is, as I apprehend, that in Virginia the fine, in cases of misdemeanor for which no-specific fine is prescribed by statute, is assessed by the-jury, and not by the court, as it is in England, and in *55 the States which follow the common law in this respect. The same substantial purpose, however, is effected here by an arrangement with the attorney for - the Commonwealth, in pursuance of which the defendant, with the assent of the court, confesses a judgment for such fine as the attorney agrees to accept. The amount of the fine is thus ascertained beforehand; while on a submission, under the common law practice, it is left to the court to fix the amount of the fine in its discretion.
Where the defendant “submits,” under the common law practice, the court treats the submission as a confession of guilt, and imposes the fine in the exercise of its ordinary jurisdiction. It is indispensable that the proceeding should be thus regarded as a confession of the charge, for otherwise there would be no foundation for the judgment to stand upon. But in Virginia, if the defendant in an indictment for an assault and battery, or other misdemeanor, for which no particular fine is prescribed by statute, confesses the truth of the indictment by a plea of guilty, the court cannot proceed to assess the fine, but a jury must be called for that purpose. Code, ch. 199, § 24. Oases of special fines prescribed by statute, are governed by sect. 3, ch. 43 of the Code. It is not necessary, therefore, in order to afford a foundation for the judgment, as it is in the case of a “ submission,” to regard the proceeding as implying a confession of guilt, for the purposes of the case. Such a confession is neither nécessary nor sufficient to support the judgment. The judgment in such a case stands on no other foundation than the consent of the defendant, given in pursuance of the compromise with the Commonwealth, that judgment may be entered up against him for the fine agreed upon. Vor is there anything in the fact of proposing or assenting to such a compromise arrangement, which necessarily implies an admission of guilt. A defen *56 dant may be, and often is, induced to adopt that course .by other considerations. But if the proceeding - can justly be regarded as implying a confession of guilt for the purposes of the case, the reasons for excluding the record in case of a nolo contendere, as evidence against the defendant in a civil action, apply with at least equal force to a confession of judgment under our practice.
It has been suggested that the plaintiff may have introduced the evidence in question with a view to enhance the damages, by showing that the defendant had got off with only a nominal fine in the criminal proceeding. But the evidence was not admissible for that purpose. The indictment and the action, though founded on the same fact, are distinct remedies, prosecuted by different parties and for different purposes. On this ground it has been often held, that the defendant in an action for assault and battery, cannot prove that he has been already punished criminally for the same act, for the purpose of mitigating the damages. Cook v. Ellis, 6 Hill R. 466; Wolff v. Cohen, 8 Rich. R. 144; Jefferson v. Adams, 4 Harring. R. 321; Phillips v. Kelly, 29 Alab. R. 628; 28 Miss. R. 621.
On the same ground, if not indeed with stronger reason, the plaintiff in a civil action ought not to be allowed to prove that the defendant has paid only nominal damages to the Commonwealth, for the purpose of enhancing his damages in the action. It has sometimes been thought that a defendant, in order to protect himself against the injustice of a double punishment for the same act, ought to be allowed to avoid the infliction of damages for the sake of punishment in the civil action, where the plaintiff' seeks to obtain such damages, by showing that he has been punished already at the suit of the Commonwealth. Smithwick v. Ward, 7 Jones R. 64. See Porter v. Seiler, 23 Penn. R. 424. I express no opinion on this question, because *57 it is not before us. But tbe considerations which would justify the admission of such evidence in a case of that sort, would not authorize the plaintiff in the civil ac- ■ tion to enhance his damages, by showing, as evidence in chief, that the defendant had paid only small damages on the indictment.
I am, therefore, of opinion, that the Circuit court erred in admitting the evidence set forth in the first bill of exceptions, and that the judgment of the District court, and the judgment of the Circuit court, should both be reversed.
The other judges concurred in the opinion of Joynes, J.
The judgment of the court was as follows:
The court is of opinion, for reasons, &c., that the record of the indictment and of the confession of judgment therein set out in the first bill of exceptions, are not admissible evidence in this action, and that the same ought, therefore, to have been excluded from the jury; and that the said judgment of the said District court is therefore erroneous.
Therefore it is considered by the court, that the said judgment of the said District court be reversed and annulled, and that the appellant recover against the appellee his costs by him expended in the prosecution of his writ of supersedeas aforesaid here.
And this court, proceeding to render such judgment as the said District court ought to have rendered, it is further considered by the court, that the judgment of the said Circuit court be reversed and annulled, and that the appellant recover against the appellee his costs by him expended in the prosecution of his writ of supersedeas in the said Circuit court. And it is ordered that the cause be remanded to the said Circuit court for a new trial to be had therein, upon which the evi *58 dence aforesaid, if again offered by tbe plaintiff, and objected to by the defendant, shall not be admitted by the court. ‘Which is ordered to be certified to the said District court, the clerk of 'which court is directed forthwith to certify the same to the said Circuit court..
Judgment reversed.